

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-13-00252-CV

___

IN THE INTEREST OF M.D., A CHILD

___

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 83,905-D, Honorable Don R. Emerson, Presiding

___

November 22, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this appeal, appellant the mother of M.D.[1] challenges the trial court's order terminating her parental rights to her child.[2] The mother filed an appellant's brief asserting, *inter alia*, that the notice provided her before the hearing at which her rights were terminated was deficient. Appellee, the Texas Department of Family and Protective Services, has not filed an appellee's brief. Instead, the Department and the

___

[1] To protect the child's privacy, we will refer to appellant as the mother, the alleged father as the father, and the child by initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2013); TEX. R. APP. P. 9.8(b).

[2] The trial court's order also states it terminates the parental rights of the father. Our disposition of this appeal does not affect the father, who did not file a notice of appeal.

mother have filed a joint motion asking that we reverse the trial court's order terminating the mother's parental rights and remand the cause, because of deficiencies in the notice provided the mother.

According to appellate rule 42.1(a)(2), we may dispose of an appeal in accordance with an agreement reached by the parties, taking any of the actions set forth in paragraphs (A), (B) or (C) of rule 42.1(a)(2). The rule does not, however, permit us to "order a new trial merely on the agreement of the parties absent reversible error . . . ." *See Notes and Comments,* TEX. R. APP. P. 42.1; *In the Interest of Z.A.S.,* No. 07-09-0136-CV, 2009 Tex. App. LEXIS 5797 (Tex. App.—Amarillo July 22, 2009, no pet.) (mem. op.). Having considered the mother's brief and the Department's concession in the joint motion, and having reviewed the record, we agree with the parties that the record presents reversible error. We therefore grant the joint motion, reverse the order terminating the mother's parental rights and remand the case to the trial court for further proceedings consistent with this order.[3] *See In the Interest of J.A.B.,* No. 08-06-0201-CV, 2007 Tex. App. LEXIS 6312 (Tex. App.—El Paso Aug. 9, 2007, no pet.) (mem. op.) (on appeal of default paternity and support orders, agreed motion of appellee Attorney General to reverse and remand proper since appellee conceded one of appellant's points of error and the court of appeals agreed trial court erred).

---

[3] In reaching this disposition we have considered the merits of the case but dispense with the clerk's notice required by appellate rule 39.8 because the parties jointly requested the relief granted. Further the mother did not request oral argument and, as we have stated, the Department did not file an appellate brief. *See* TEX. R. APP. P. 39.8 and 2.

With regard to the Department's case against the mother, we do not by this opinion direct the course of future proceedings in the trial court. Rather, we merely restore the case to that stage of the proceedings from which the trial court's order of termination originated; that is, the status conference required by Family Code section 263.201. If a new trial is held, the trial court shall commence trial no later than 180 days after our mandate issues. TEX. R. APP. P. 28.4(c).


Per Curiam